UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY J. LOCHER,<br><br>                                 Plaintiff,<br><br>v.<br><br>THOR MOTOR COACH, INC., and DOES 1 to 20, inclusive,<br><br>                                Defendants. | Case No.: 3:17-cv-01804-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 4]** |

Before the Court is a motion to remand this case to state court. (ECF No. 4.) Plaintiff Bethany Locher ("Locher") filed the motion on October 6, 2017, and Defendant Thor Motor Coach, Inc. ("Thor") filed an opposition on November 3, 2017. Locher chose not to file a reply. For the reasons set forth below, the Court DENIES the motion to remand.

**I.    Background**

Locher filed this action against Thor and twenty unnamed defendants in California Superior Court on July 31, 2017. (*See* ECF No. 1 at 1.) The complaint asserts claims of violation of the California Song-Beverly Consumer Warranty Act through violations of express and implied warranties, as well as violation of California's unfair competition law. (ECF No. 1-2 at 5–7.) In the complaint, Locher alleges that on June 12, 2017,

Locher purchased a new Thor Four Winds 22E vehicle from RV Solutions, Inc. ("Solutions").  (*Id.* at 2.)  According to the sale contract, the total purchase price of the vehicle was $65,363.29, which included: the vehicle's price ($56,900.00); sales tax ($4,414.79); a document processing charge ($65.00); a licensing fee ($416.00); a "registration/transfer/filing" fee ($62.00); a tire fee ($10.50); and an extended warranty ($3,495.00). (ECF No. 4-2, Ex. 4 at Bates Stamp 129–31.)  Locher made an $11,000 down payment at the time of purchase, and financed the remaining $54,363.29.  (*Id*. at Bates Stamp 132.)  The contract set forth a payment schedule for the financed amount and instructed Locher to make monthly payments of $421.15 for 20 years.  (*Id.* at Bates Stamp 129.)  The total sale price indicated on the contract, including the down payment and interest, was estimated at $112,076.00.  (*Id.*)

According to the complaint, Thor "manufactured and/or distributed" the vehicle and made express and implied warranties to Locher about the vehicle.  (ECF No. 1-2 at 2.)  After purchasing the vehicle, Locher found "numerous defects and nonconformities covered by the warranties."  (*Id.*)  Locher "delivered the nonconforming Vehicle to THOR and/or its authorized repair facilities for repairs pursuant to the terms of the warranties," but "THOR has failed to repair the Vehicle, or replace the Vehicle or provide restitution after a reasonable number of repair attempts."  (*Id.* at 4–5.)  The complaint requests "a declaration that the purchase contract is rescinded," actual damages, restitution, "Civil Penalties on each violation of the Song-Beverly Act in the amount of two times actual damages," attorneys' fees, costs, an order requiring an account of all monies received as a result of Defendants' acts constituting unfair competition, and an order requiring Defendants to abstain from any further acts constituting unfair competition.  (*Id.* at 8.)

Thor removed the case to this Court on September 6, 2017, by filing a notice of removal with the Court and sending a copy to Locher.  (ECF Nos. 1, 1-6.)  According to the notice of removal, this case meets the requirements of diversity jurisdiction because the parties are diverse and "while the complaint in the Action does not specify the precise

2

3:17-cv-01804-GPC-MDD

amount in controversy, plaintiff seeks a refund of the purchase price of the motor home . . . and/or 'restitution.'" (ECF No. 1 at 2.)  The notice explains that the amount in controversy in this case exceeds $75,000 because the purchase price of the vehicle was $112,076, and Locher "seeks incidental damages, a civil penalty of up to two times the amount of her actual damages and attorney's fees and costs pursuant to statute." (*Id.* (citations omitted).)

The following day, September 7, 2017, Locher's counsel sent an email to Thor's counsel indicating that Locher was "in the process of amending the complaint to add RV Solution Inc.," because "there is damage to the under carriage that was present at the sale," and "[g]iven that the RV was in [Solutions'] possession before it was sold to our client, we feel that [Solutions is] an indispensable party in this matter." (ECF No. 4-2, Ex. 3.)  After acknowledging that Thor had removed the case to federal court, Locher's counsel stated: "[g]iven that we are amending the complaint to add an indispensable party and that party is a California Corporate entity, I believe your client Thor lacks the diversity of citizenship for a removal to federal court." (*Id.*)  Locher's counsel offered to meet and confer on September 12. (*Id.*)

Locher filed the now-pending motion to remand on October 6, 2017. (ECF No. 4.)

## II. Discussion

Locher offers two independent arguments for why this Court should remand the case back to state court: (1) the amount in controversy in this case does not satisfy diversity jurisdiction requirements, and (2) Solutions is an indispensable party in this litigation, and adding it as a defendant will render the parties' citizenship no longer completely diverse.

**A. Amount in Controversy**

Locher argues that the amount in controversy in this case is insufficient to invoke the Court's diversity jurisdiction.  The Court disagrees.

28 U.S.C. § 1332(a)(1) vests federal courts with subject matter jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different states." When calculating the amount in controversy in a case, the party invoking the court's jurisdiction may aggregate the value of claims made by a plaintiff against the same defendant. *See Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1474 (9th Cir. 1997). Locher's complaint does not specify a total amount in controversy. To determine whether the amount in controversy threshold for diversity jurisdiction is met in this case, the Court applies a preponderance of the evidence standard. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (when a complaint "is unclear and does not specify 'a total amount in controversy,' the proper burden of proof . . . is proof by a preponderance of the evidence"); *see also* 28 U.S.C. § 1446(c)(2)(B) (if a plaintiff seeks nonmonetary relief, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the statutory requirement). As the party invoking the Court's subject matter jurisdiction, Thor bears the burden of proof. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010) ("[I]n a case that has been removed from state court to federal court . . . on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper.").

Locher contends that the amount in controversy in this case does not exceed $75,000 because her complaint seeks only "to unwind the sale and recover her cost[s], such as her down payment[ of $11,000] and the seven monthly payments made towards the purchase of the RV." (ECF No. 4-2 at 6.) In response, Thor contends that the amount in controversy exceeds $75,000 by pointing to the purchase contract, which indicates a total sale price of $112,076. (ECF No. 6 at 3.) Thor also points out that Locher's complaint seeks "a civil penalty of two times the amount of Plaintiff's actual damages" under California law. (*See* ECF No. 1-2 at 6.)

The Court concludes that Thor has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Consider, for example, Locher's claim for

rescission of her purchase contract. "In actions for rescission, Courts have used the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination." *Diaz v. Carmax Auto Superstores Cal., LLC*, No. 1:15-cv-00523-AWI-SAB, 2015 WL 3756369, at *3 (E.D. Cal. June 16, 2015); *see also Garcia v. Citibank, N.A.*, No. 2:09-cv-03387-JAM-DAD, 2010 WL 1658569, at *2 (E.D. Cal. Apr. 23, 2010); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 227–28 (2d Cir. 2017). As Thor argues, the amount due under Locher's purchase contract is an estimated $112,076, well beyond $75,000.

One might argue that the "value of the object" of Locher's contract should not include the interest she owes on the financed portion of the vehicle's price, but instead should reflect only the original price of the vehicle. The *Diaz* court concluded as such, reasoning as follows:

> Defendant states that the $26,228.40 total amount of the Retail Installment Sale Contract would be a more accurate valuation of the rescission claim. However, this figure appears to be the total amount Plaintiff would make in payments on the monthly installment contract, inclusive of interest. Interest is not factored into the amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a) (". . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . .").

2015 WL 3756369 at *3 n.1; *see also Garcia*, 2010 WL 1658569, at *2 (considering the loan amount, "excluding interest"). This analysis, however, "fails to draw the distinction which the cases recognize, between interest imposed as a penalty for delay in payment, and interest exacted as the agreed upon price for the hire of money." *Brainin v. Melikian*, 396 F.2d 153, 154 (3d Cir. 1968). Section 1332(a) excludes only the former category of interest, not the latter. *Id.* ("The former is the 'interest' which is excluded in determining jurisdictional amount; the latter is rightly computed as part of the amount to which the claimant is entitled."). The interest due under Locher's financing contract falls within the latter category because it has nothing to do with a "delay" in Locher receiving the remedy she seeks in this suit. Rather, the "interest" in this case is the money Locher owed Thor

5

in exchange for a loan of $54,363.29. This amount is not "merely incidental to Plaintiff's claim" and does not "arise[] solely from delay in payment of an obligation." *Manone v. Farm Bureau Prop. & Cas. Co.*, No. cv-15-08003-PCT-JAT, 2016 WL 1059539, at *4 (D. Ariz. Mar. 17, 2016). Instead, Locher is seeking to cancel an obligation that she would otherwise have to pay if she does not obtain rescission of her contract.[1]

In light of the fact that the analysis immediately above contradicts that of other district courts and there appears to be no controlling circuit authority, the Court finds in the alternative that even if it may consider only the purchase price of the vehicle, without interest, as the value of the rescission claim, it is more likely than not that the amount in controversy here exceeds $75,000. As described above, the purchase price of the vehicle was $65,363.29. In addition to the rescission claim, Locher's complaint seeks a civil penalty of twice her damages. *See* Cal. Civ. Code § 1794(c) ("If the buyer establishes that the failure to comply [with the Act] was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages."). Such civil penalties are included in the amount in controversy. *See, e.g.*, *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (finding that civil penalties under § 1794(c) are sufficiently akin to punitive damages award such that they "are properly included in the amount in controversy"). Locher also seeks attorneys' fees under the same statute. *See* Cal. Civ. Code § 1794(d) ("If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution

---

[1] One could also argue that because Locher paid some of the debt before bringing this suit, the rescission claim value does not include the amount Locher had already paid, which instead would be a part of her restitution claim. Even if that argument is correct, the amount in controversy based on the rescission claim alone still exceeds $75,000. The seven monthly payments Locher asserts she has already made would amount to a total of $2,948.05, leaving $98,127.95 in dispute over the rescission claim.

of such action."). Such attorneys' fees are also considered a part of the amount in controversy. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("In ordinary diversity cases, when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in . . . the jurisdictional amount, but where an underlying statute authorizes an award of attorneys' fees, with mandatory or discretionary language, such fees may be included in the amount in controversy." (internal quotation marks omitted)), *abrogated on other grounds by Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

Locher's complaint does not indicate the amount of civil penalties she seeks. Regardless, "[c]ourts as a matter of law, calculate the amount in controversy based upon the *maximum amount* of civil penalties available to [the] plaintiff." *Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). With that in mind, the Court finds that it is more likely than not that the sum of a double damages award and attorneys' fees, *in addition to* Locher's actual damages, will exceed $10,000. Adding that amount to the value of the rescission claim (valued at the total contract price, $65,363.29[2]), the Court finds it more likely than not that the amount in controversy in this case exceeds $75,000.

### B. Solutions as an Indispensable Party

Locher also argues that Solutions is an indispensable party, and that the Court should remand the case because once Solutions is added to this litigation there will no longer be complete diversity of citizenship. Thor responds by arguing that (1) the Court cannot reach the issue because Locher has not yet moved to amend her complaint to add Solutions as a defendant, and (2) if Locher does move for leave to amend her complaint,

---

[2] Again, one could argue that the value of the rescission claim should be reduced by the amount Locher has already paid. *See supra*, note 1. But that would not reduce the amount in controversy. Instead, it would simply shift the amount Locher has paid from the value of the rescission claim to the value of the restitution claim. Because the values of each claim are aggregated when determining the amount in controversy, shifting this amount from the rescission claim to the restitution claim does not affect the total amount in controversy.

7

the Court should deny such a motion.

The Court agrees with Thor that remanding the case at this stage—on the basis of a hypothetical motion for leave to amend—would be improper. Until Solutions is added as a defendant in this case, the requirements of diversity jurisdiction are satisfied: the parties are diverse—Thor is a Delaware corporation with a principal place of business in Indiana, and Locher is a citizen of California (*see* ECF No. 1 at 2 ¶ 4)—and, as discussed above, the amount in controversy in this case exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

Because the requirements of diversity jurisdiction are satisfied in this case (and no basis for abstention appears to exist), the Court lacks discretion to remand the case to state court. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) ("With rare exceptions [relating to abstention], where the district court is presented with a case within its original jurisdiction, it has a virtually unflagging obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants." (internal quotation marks omitted)). Until (and unless) the Court grants Locher leave to add Solutions as a defendant in this case, the Court must exercise the jurisdiction that is possesses. As a result, because Locher has not moved for leave to amend her complaint, the Court lacks authority to remand this case to state court.

### III. Conclusion

The elements of diversity jurisdiction are met in this case. As a result, Locher's motion to remand the case to state court is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 4, 2017

Hon. Gonzalo P. Curiel
United States District Judge